539 P.2d 241

LaMont D. JACK et al., Plaintiffs and
Appellants,

v.

Gene FUZZELL, Sheriff of Idaho County,
State of Idaho, and Bank of Central Idaho,
a Banking Corporation, Defendants and Re-
spondents.

No. 11662.

Supreme Court of Idaho.

Aug. 7, 1975.

William J. Dee, Grangeville, for plain-
tiffs and appellants.

William B. Taylor, Jr., William H. Fos-
ter, Grangeville, for defendants and re-
spondents.

PER CURIAM:

This is an appeal from an order of the
district court dismissing plaintiffs' com-
plaint for failure to join an indispensable
party and transferring the cause from Ida-
ho County to Nez Perce County.

As a result of a contingent liability
agreement executed by Lamont Jack, de-
fendant-respondent Bank of Central Idaho
had held the sum of $3,500 since January
11, 1973. One Darrell Bentz had brought
suit against Lamont Jack in Nez Perce
County and had secured a writ of execu-
tion which was executed by defendant-re-
spondent Fuzzell by way of garnishment
proceedings against the bank on February
18, 1974. The bank filed its garnishee's
answer stating it held the $3,500 but owed
nothing to Jack in that the $3,500 was
pledged by Jack for a contingent liability.
On March 7, 1974 the litigation involving
the contingent liability was dismissed and
Jack's attorneys made demand upon the
bank for the return of the money. The
bank refused to comply with that demand
and filed a supplemental answer to the
garnishment and delivered the $3,500 to

Sheriff Fuzzell. On that same day plaintiffs-appellants filed a "third party claim" in the *Bentz v. Jack* action in Nez Perce County demanding the return of the $3,500 absent the execution of undertaking to indemnify the sheriff against the "third party claim."

The instant action was filed by Jack, MacGregor and Dee against the sheriff and the bank seeking only the return of the $3,500. The district court ordered Fuzzell to pay the money into the court and upon motion held that Bentz was an indispensable party and that the sheriff and the bank had no interest in the matter and that the action should be dismissed as to them. The court ordered that all further proceedings in the matter should be held in the district court for Nez Perce County, to which it also ordered the $3,500 transferred.

 We hold the order of the trial court to be correct insofar as it dismissed the action as to Sheriff Fuzzell and the Bank of Central Idaho. It is clear that plaintiffs-appellants seek only the return of the $3,500. It is equally clear that neither of the said defendants have possession of the $3,500 nor do they make any claim thereto. Bentz on the other hand, a judgment creditor of Jack, having secured a writ of execution and instigated the garnishment proceedings had a claim to the money adverse to plaintiffs-appellants and he was thus an indispensable party to the litigation.

We also affirm the order of the court transferring the cause (indeed if there continues to be any cause of action) together with the $3,500 to the district court of Nez Perce County. It is in the County of Nez Perce where the action of *Bentz v. Jack* was initiated and litigated. It is in that court in that county, and indeed in that case, wherein plaintiffs-appellants here have filed their "third party claim" to the $3,500. In that forum are present all of the parties with conflicting claims to the $3,500 and in that forum the disagreement may be resolved. The orders of the district court herein are affirmed. Costs to respondents.